340 So.2d 205 (1976)
STATE of Louisiana
v.
Willie SLEDGE.
No. 57776.
Supreme Court of Louisiana.
October 14, 1976.
Rehearing Denied November 18, 1976.
*206 Carl F. Walker, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant was indicted by the Grand Jury for the Parish of Ouachita for the crime of aggravated rape, a violation of La.R.S. 14:42. He was tried by a jury, convicted, and sentenced to the mandatory penalty of death. On appeal, he urges two assignments of error which we will not consider for the reasons appearing below. We affirm the conviction, but annul the sentence and remand the case for resentencing of defendant.
At the outset of the trial, defendant informed his attorney that he wished to plead guilty to a lesser offense. Defense counsel then approached the bench and communicated this desire to the court and the prosecuting attorney, whereupon the jury was retired to a separate room. After counsel had negotiated an acceptable plea in a private room, defense counsel conferred with defendant and reported that he would plead guilty to attempted aggravated rape; however, when the defendant was interrogated by the court it appeared that he did not wish to waive his rights and plead guilty. The jury was then returned to the courtroom and the matter proceeded to trial. Defense counsel did not complain of any irregularity or error in the proceedings at the time, but later concluded, "on reflection," that the jury was "undoubtedly aware" of defendant's proposed guilty plea and prejudiced thereby.
By failing to make a timely objection, defendant waived his right to attack the judgment of conviction on these grounds. State v. Marcell, 320 So.2d 195 (La.1975). La.C.Cr.P. art. 841 provides:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence . . . It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor."
However, while the alleged error is not subject to this Court's review, we note that it is wholly without merit. The record does not reflect, and defendant in argument does not specifically allege, that anything was said within the hearing of the jury to indicate what had taken place. On the contrary, it appears that every precaution was taken to shield the plea negotiations from the jury.
We find it unnecessary to consider defendant's second contention, that the imposition of the death penalty in this case constitutes cruel and unusual punishment, since we find that it must be set aside. After the appeal was taken, the United States Supreme Court decided Roberts v. State of Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), declaring unconstitutional the mandatory death sentence for first degree murder. La.R.S. 14:30. In this case our nation's highest court held:
"* * * The constitutional vice of mandatory death sentence statuteslack of focus on the circumstances of the particular offense and the character and propensities of the offenderis not resolved by Louisiana's limitation of first-degree murder to various categories of killings. The diversity of circumstances presented in cases falling within the single category of killings during the commission of a specified felony, as well as the variety of possible offenders involved in such crimes, underscores the rigidity of Louisiana's enactment and its similarity to the North Carolina statute. Even the other *207 more narrowly drawn categories of first-degree murder in the Louisiana law afford no meaningful opportunity for consideration of mitigating factors presented by the circumstances of the particular crime or by the attributes of the individual offender.
"Louisiana's mandatory death sentence statute also fails to comply with Furman's [Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346] requirement that standardless jury discretion be replaced by procedures that safeguard against the arbitrary and capricious imposition of death sentences. * * *. (Footnote omitted).
"* * *
"Under the current Louisiana system, however, every jury in a first-degree murder case is instructed on the crimes of second-degree murder and manslaughter and permitted to consider those verdicts even if there is not a scintilla of evidence to support the lesser verdicts. See La.Code Crim.Proc.Ann., Arts. 809, 814 (Supp.1975). And, if a lesser verdict is returned, it is treated as an acquittal of all greater charges. See La.Code Crim.Proc.Ann., Art. 598 (Supp.1975). This responsive verdict procedure not only lacks standards to guide the jury in selecting among first-degree murderers, but it plainly invites the jurors to disregard their oaths and choose a verdict for a lesser offense whenever they feel the death penalty is inappropriate. There is an element of capriciousness in making the jurors' power to avoid the death penalty dependent on their willingness to accept this invitation to disregard the trial judge's instructions. The Louisiana procedure neither provides standards to channel jury judgments nor permits review to check the arbitrary exercise of the capital jury's de facto sentencing discretion. See Woodson v. North Carolina, ante, 428 U.S. 280, 96 S.Ct. [2978] 2990-2991 [49 L.Ed.2d 944]." (Footnote omitted). The statute requiring a mandatory death sentence for aggravated rape, La.R.S. 14:42, suffers from constitutional deficiencies similar to those identified in the first degree murder statute by the United States Supreme Court. The diversity of cases falling within the category of aggravated rape, as well as the variety of possible offenders involved in such crimes, is just as great as under the first degree murder statute. Louisiana law affords no meaningful opportunity for consideration of mitigating factors presented by the circumstances of the particular case of aggravated rape, or by the attributes of the individual offender. As in murder cases, Louisiana jurors in aggravated rape prosecutions are instructed on several lesser included offenses and permitted to consider those verdicts even if there is no evidence to support the lesser verdicts. La.C.Cr.P. arts. 809, 814.
In accordance with Roberts, therefore, the imposition of the death penalty herein must be reversed, even though we may affirm the conviction. In accordance with our decisions in State v. Lee, 340 So.2d 180 (La.1976), and State v. Craig, 340 So.2d 191 (La.1976), we find that the case must be remanded for resentencing of defendant to the most serious penalty for the next lesser included offense at the time the crime was committed (July 27, 1975). At that time attempted aggravated rape was punishable by imprisonment for not more than twenty years. La.R.S. 14:27(D)(1). Simple rape carried a penalty of one to twenty years. La.R.S. 14:43. The legislature obviously intended to impose the most serious penalty available under the law. In this case, although there is a range of from one to twenty years, the most serious penalty is twenty years at hard labor.
For the reasons assigned, the conviction of the defendant is affirmed, but the death sentence imposed upon him is annulled and set aside, and the case is remanded to the district court for resentencing.
Affirmed in part, remanded in part.
SANDERS, C. J., concurs in the conviction but dissents from the sentence and will assign written reasons.
*208 SUMMERS, J., concurs in the conviction but dissents from the penalty holding for the reasons assigned in my dissent in State v. Lee, La., 340 So.2d 180.
MARCUS, J., concurs in affirmance of defendant's conviction, but dissents from penalty directed by majority for reasons assigned in his concurring and dissenting opinion in State v. Craig, 340 So.2d 191 (La.1976).
SANDERS, Chief Justice (concurring in affirmance of conviction but dissenting from the sentence).
I agree with Mr. Justice Summers that in adjusting to the decision of the United States Supreme Court in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), we need only remand the case for a sentence hearing by a jury to determine whether capital punishment should be imposed. In 1971, I advocated such a procedure following the United States Supreme Court decision in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See my dissent in State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
Absent majority agreement on the jury hearing procedure, however, I would order the trial judge to impose a sentence of life imprisonment. Reduction of the sentence for aggravated rape from death to twenty years is a far too drastic reduction. In my opinion, such a change does violence to legislative policy.
For the reasons assigned, I respectfully concur in the affirmance of conviction but dissent from the sentence.