PER CURIAM:
Defendant Lawrence T. Watts was charged by grand jury indictment with aggravated rape in violation of La.R.S. 14:42. After trial by jury, he was found guilty and was sentenced to death. This Court affirmed his conviction and sentence on appeal, rejecting defendant’s contention that the death penalty provision of La.R.S. 14:42 was unconstitutional. 320 So.2d 146 (La. 1975). The Supreme Court of the United States granted defendant’s petition for cer-tiorari, vacated our judgment with respect to the death penalty, and remanded the case to this Court, U.S. -, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), with the following mandate:
ON CONSIDERATION WHEREOF, it was ordered and adjudged on July 6, 1976, by this Court that the imposition and carrying out of the death penalty in this case constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Roberts v. Louisiana, U.S. [-, 96 S.Ct. 3001, 49 L.Ed.2d 1212] (1976). The judgment of the Supreme Court of Louisiana in this cause is therefore vacated insofar as it leaves undisturbed the death penalty imposed, and that this cause be remanded to the Supreme Court of the State of Louisiana for further proceedings.
NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding.
In accordance with this mandate, the death penalty imposed upon defendant must be annulled and set aside. For the reasons set forth in State v. Craig, 340 So.2d 191 (La.1976); State v. Lee, 340 So.2d 180 (La.1976); and State v. Sledge, 340 So.2d 205 (La.1976), we have concluded that the appropriate sentence to be imposed upon a valid conviction for aggravated rape is the most severe constitutional penalty established by the legislature for a lesser included offense at the time the crime was committed. See La.C.Cr.P. art. 814, as amended by Acts 1973, No. 126, § 1. In the instant case, the offense was committed on January 16, 1974, at which time attempted aggravated rape was punishable by imprisonment for not more than twenty years, La.R.S. 14:27 D(l), and simple rape carried a penalty of one to twenty years. La.R.S. 14:43. The legislature obviously intended to impose the most serious penalty available under the law. In this case, although there is a range of from one to twenty years, the most serious penalty is twenty years at hard labor.
Accordingly, for the reasons assigned in our original opinion defendant’s conviction is affirmed, but the death penalty imposed is annulled and set aside, and the case is remanded to the district court, with instructions to resentence defendant to imprisonment at hard labor for a period of twenty years.