347 So.2d 227 (1977)
STATE of Louisiana
v.
Charles Spurgeon BRYANT.
No. 59218.
Supreme Court of Louisiana.
June 20, 1977.
Thomas W. Davenport, Jr., for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., John R. Harrison, Stephenie W. Dawson, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Charles Spurgeon Bryant was indicted by the grand jury of the Parish of Ouachita for the crime of aggravated rape in violation of La.R.S. 14:42. After trial by jury, defendant was found guilty as charged and was sentenced to death. His conviction and sentence were affirmed by this court on appeal.[1] We granted defendant's application for rehearing. On rehearing, we reinstated our original decree affirming the conviction and death penalty.[2] Subsequent *228 to this decision, the United States Supreme Court in Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976) declared unconstitutional Louisiana's mandatory death penalty for the crime of aggravated rape. Pursuant to this decision, defendant filed a motion to set aside illegal sentence and a petition for a writ of habeas corpus seeking his immediate release, both of which were denied by the trial judge. Defendant then filed a motion to correct illegal sentence in which he sought immediate release and alternatively a new trial or resentencing to twenty years imprisonment at hard labor. After a hearing, the trial judge denied his motion insofar as it requested immediate release and a new trial, but annulled and set aside the death penalty and resentenced defendant to serve twenty years at hard labor. Defendant appeals this sentence relying upon three assignments of error. La.Code Crim.P. art. 882.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that because he was charged with the crime of aggravated rape and found guilty as charged, the only penalty which could be imposed was the sentence specified for aggravated rape in La.R.S. 14:42, namely mandatory death, and hence his sentence of twenty years imprisonment at hard labor is an illegal sentence. Furthermore, he argues that when the mandatory death penalty provision for aggravated rape was declared unconstitutional in Selman v. Louisiana, supra, the aggravated rape statute in its entirety was invalidated and therefore his conviction under the statute cannot stand.
Defendant's contentions are without merit. Since Selman in cases where defendants have been convicted of aggravated rape and sentenced to death, this court, under the mandate of Selman, has set aside and vacated the death sentence but, finding no reversible error, has affirmed the convictions. For the reasons set forth in State v. Craig, 340 So.2d 191 (La.1976), State v. Lee, 340 So.2d 180 (La.1976), and State v. Sledge, 340 So.2d 205 (La.1976), we have held that, because the legislature obviously intended to impose the most serious penalty available under law for the crime of aggravated rape, the appropriate penalty since the invalidation of the mandatory death penalty is the most serious penalty for a lesser included offense at the time of the commission of the crime.
At the time of the commission of the present offense (October 18, 1973), attempted aggravated rape was punishable by imprisonment at hard labor for not more than twenty years while the crime of simple rape carried a penalty of imprisonment at hard labor for not less than one nor more than twenty years. Consequently, the most serious penalty which could be imposed for a lesser included offense in the present case was imprisonment at hard labor for twenty years. We therefore conclude that the sentence of twenty years imprisonment at hard labor imposed by the trial judge was the appropriate penalty.
Assignments of Error Nos. 1 and 2 lack substance.
ASSIGNMENT OF ERROR NO. 3
Defendant contends that his sentence of twenty years imprisonment at hard labor is excessive in violation of La.Const. art. 1, § 20 (1974). The evidence presented at trial revealed that defendant had forcibly raped a woman while threatening her and her female companion with a knife and a gun.
La.Const. art. 1, § 20 (1974) provides in pertinent part:
No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. . . . (Emphasis added.)
Some of the members of this court, including the author of his opinion, are of the view that this constitutional provision only gives to this court the judicial power to declare as unconstitutional laws which provide for excessive sentences rather than extending the judicial power to appellate review of sentences imposed in individual cases. Other members of the court interpret *229 the provision as conferring upon this court constitutional authority to review sentences imposed in individual cases. However, we need not resolve this issue in the present case for under either interpretation of the constitutional provision the sentence imposed here is clearly not excessive. In view of the gravity of the crime of aggravated rape and the circumstances surrounding its commission in this case, the sentence of imprisonment at hard labor for twenty years imposed on defendant is not excessive.
Assignment of Error No. 3 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., is recused, having performed a judicial act in the case in another court.
NOTES
[1] 325 So.2d 255 (La.1975).
[2] Id. at 264.