PER CURIAM.
On September 3, 1975, the Evangeline Parish Grand Jury indicted defendant Steve Fontenot for the crime of aggravated rape, a violation of La.R.S. 14:42. He was tried before a twelve person jury which unanimously found him guilty as charged. Thereafter, on February 27, 1976, the trial court sentenced defendant to death, a penalty then required by law for the crime of aggravated rape. On appeal, defendant relies upon nine assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 3

By this assignment, defendant argues that the penalty imposed was unconstitutional. Several months after defendant was sentenced, the United States Supreme Court invalidated the death penalty provision of Louisiana’s aggravated rape statute. Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976). We subsequently determined that when the sentence must be set aside under Selman, the accused should be resentenced to the most serious penalty provided for a lesser included offense at the time of the crime. State v. Volson, 352 So.2d 1293 (La.1977); State v. Craig, 340 So.2d 191 (La.1976); State v. Sledge, 340 So.2d 205 (La.1976).
At the time the present offense was committed (June 13, 1975), attempted aggravated rape was punishable by imprisonment at hard labor for not more than twenty years while the crime of simple rape carried a penalty of imprisonment at hard labor for not less than one nor more than twenty years. Accordingly, the appropriate sentence in this case is imprisonment at hard labor for a term of twenty years.

ASSIGNMENT OF ERROR NO. 4

Defendant suggests that he may not have been effectively represented by court-appointed trial counsel. However, it is impossible to determine the merit of this claim from the record before us. Allegations of ineffective assistance of counsel are more properly raised by application for a writ of habeas corpus in the district court, where a full evidentiary hearing on the matter may be ordered. State v. Collins, 350 So.2d 590 (La.1977); State v. Ross, 343 So.2d 722 (La.1977); State v. Marcell, 320 So.2d 195 (La.1975). Consequently, we decline to review the issue presented at this time.
We have examined defendant’s remaining assignments of error and found them to be without merit.
Accordingly, defendant’s conviction is affirmed, but his sentence is reversed and set aside. The case is remanded for resentenc-ing in accordance with law.