358 So.2d 1249 (1978)
STATE of Louisiana, Appellee,
v.
Joseph STOLTZ, Appellant.
No. 60926.
Supreme Court of Louisiana.
May 22, 1978.
Michael F. Barry, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of gambling, La.R.S. 14:90, and sentenced to pay a fine of $450. His appeal[1] to this court relies upon seven assignments of error.
*1250 Of these assignments, only Assignments 2 and 5 require comment. By them, the accused contends that a police witness improperly referred to items found in a search. The defendant's motion to suppress evidence seized in the search had earlier been declared moot, upon the state's representation that it did not intend to introduce into evidence the objects seized in the search.
Whatever merit there may be to the defendant's contention as stated on appeal, the defendant did not object on this basis to the policeman's testimony at the trial.
The officer testified without objection to the forcible entry pursuant to a search warrant. However, when he testified that "we found small slips of paper, about three or four of them that had race horse wagers on it," the defendant objected on the sole ground that it was "a conclusion as to whether it was race horse wagers on them."
By examination as to his experience as a vice crime officer, the police witness was then qualified as an expert "qualified to say whether they were race bets or not." We find no abuse of the trial court's wide discretion in so qualifying this expert in this non-jury trial. La.R.S. 15:466; State v. Marks, 337 So.2d 1177 (1976); State v. DiVincenti, 232 La. 13, 93 So.2d 676 (1957).
Further, since this was the sole basis of the objection at the trial, the additional basis of objection now for the first time urged on appeal (i. e., that the reference to objects seized in the search was improper because of the disposition of the motion to suppress) cannot be considered on review. La.C.Cr.P. art. 841.
The other assignments are without merit. Assignment 1 concerns a failure to disclose evidence requested in a bill of particulars, which the state was not then required to furnish. Assignments 3 and 4 concern clearly correct evidentiary rulings. Since there was some evidence that the gambling was conducted as a business, Assignments 6 (failure to grant a directed motion of acquittal) and 7 (failure to grant a new trial) do not present reversible error.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] The defendant was sentenced, and an appeal was taken by him, Prior to the effective date of the Louisiana Constitution of 1974, by which appellate jurisdiction of misdemeanors was limited to instances where a fine exceeding $500 (or imprisonment exceeding six months) is actually imposed. Article V. Section 5(D)(2). Accordingly, his appeal from the $450 fine, which was properly taken under La.Const. of 1921, Art. VII, Section 10(5) (appealable where a fine exceeding $300 is imposed) is unaffected by adoption of the new constitution. (La. Const. of 1974, Art. XIV, Section 23).