PER CURIAM.
On November 21, 1974, the Orleans Parish Grand Jury indicted defendant Roland Smith for the crime of aggravated rape, a violation of La.R.S. 14:42. On May 4, 1976, he was tried before a twelve person jury and found guilty as charged. Thereafter, the trial court sentenced defendant .to death, a penalty then required by law for the crime of aggravated rape. On appeal, defendant urges two assignments of error.[1]
We have reviewed defendant’s assignments of error and found them to be without merit. However, we note, ex proprio motu, under the authority of Louisiana Code of Criminal Procedure Article 920(2), that the death penalty imposed is illegal. Defendant was sentenced prior to the decision of Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), declaring Louisiana’s mandatory death sentence for aggravated rape Unconstitutional. In accordance with that decision, this Court has vacated death sentences in aggravated rape cases but, in the absence of other reversible error, remanded the cases to the trial court for resentencing of the accused to the most serious penalty provided for a lesser included offense at the time of the crime. State v. Volson, 352 So.2d 1293 (La.1977); State v. Noble, 342 So.2d 170 (La.1977); State v. Sledge, 340 So.2d 205 (La.1976).
At the time the present offense was committed (November 9, 1974), attempted aggravated rape was punishable by imprisonment at hard labor for not more than twenty years, while the crime of simple rape carried a penalty of imprisonment for not less than one nor more than twenty years. Therefore, the appropriate sentence in this case is imprisonment at hard labor for twenty years.
Accordingly, defendant’s conviction is affirmed, but his sentence is reversed and set aside. The case is remanded for resentenc-ing in accordance with law.

. Four additional assignments of error were neither briefed not argued and are therefore considered to have been abandoned. State v. Russell, 352 So.2d 1289 (La.1977).