PER CURIAM.
Defendant Fred H. Leemans was charged by bill of information with willfully and unlawfully keeping a disorderly place “by maintaining 310 St. Charles Avenue as a place to be used habitually for an illegal purpose, to-wit: Prostitution” in violation of La. R.S. 14:104. The offense was alleged to have been committed on June 29, 1973. On July 17, 1974, the defendant was tried before the judge alone and was found guilty as charged. Subsequently he was sentenced to pay four hundred fifty dollars ($450) and in default thereof to serve five (5) months in the parish prison. Relying on two assignments of error, the defendant now appeals his conviction and sentence to this Court.
The state has filed a motion to dismiss this appeal on the ground that since the offense with which the defendant was charged and of which he was found guilty, La. R.S. 14:104, carries a maximum penalty of six (6) months imprisonment or a five hundred dollar ($500) fine, the case is not appealable of right to this Court under Article 5, Section 5(D)(2) of the Louisiana Constitution of 1974. While defendant would not have an appeal of right if the provisions of the 1974 Constitution applied, the defendant was sentenced and appeal was moved for on his behalf prior to the effective date of the 1974 Constitution. Under the 1921 Constitution this Court’s appellate jurisdiction extended to criminal cases “which a fine exceeding three hundred dollars . . . has been actually imposed.” La.Const., Art. 7, § 10 (1921). This Court has previously held that where a defendant was sentenced and properly appealed prior to the effective date of the 1974 Constitution, his appeal is unaffected by the provisions of the new constitution. State v. Stoltz, 358 So.2d 1249 (La.1978). Thus defendant, who was given a $450 fine, is properly before this Court on appeal. The state’s motion to dismiss is denied.
Nevertheless, we have reviewed defendant’s assigned errors, both relative to the denial of a motion for judgment of acquittal and find them to be without merit. The state introduced at least some evidence of each of the essential elements of the crime of keeping a disorderly place and of defendant’s connection therewith. Thus there is no error of law in the denial of the defendant’s motion. See, e. g. State v. Blackstone, 347 So.2d 193 (La.1977).
Accordingly, defendant’s conviction and sentence are affirmed.