364 So.2d 595 (1978)
STATE of Louisiana
v.
Robert VALENTINE.
No. 62307.
Supreme Court of Louisiana.
November 13, 1978.
*596 Ronald J. Favre, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Kim A. Gandy, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
On May 20, 1976, the Grand Jury for the Parish of Orleans indicted defendant Robert Valentine, with aggravated rape, a violation of LSA-R.S. 14:42. After a trial by jury, defendant was found guilty as charged on October 7, 1976, and sentenced to death.
On appeal, defendant relies upon five assignments of error for reversal of his conviction and sentence. Assignment of Error No. 4, being neither briefed nor argued, is considered abandoned. State v. Booth, La., 347 So.2d 241 (1977); State v. Phillips, La., 337 So.2d 1157 (1976).

ASSIGNMENTS OF ERROR NOS. 1 AND 5
Defendant contends that the trial court erred in overruling his motion to quash the indictment and refusing to grant his motion in arrest of judgment. Both motions were based on the fact that the mandatory death penalty, as it then existed, was unconstitutional.
At the time of defendant's trial and conviction, LSA-R.S. 14:42 carried a mandatory death sentence for aggravated rape. He argues that his prosecution under the statute was unconstitutional because the United States Supreme Court in Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), had declared the mandatory death penalty unconstitutionally cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. Hence, defendant argues that he was forced to stand trial without knowledge of the possible consequences of conviction and that designation of the offense as capital governed the procedure applicable to his trial to his prejudice.
Defendant's arguments are without merit. Factually, defendant was aware of the possible consequences of conviction. At the time of defendant's trial, the United States Supreme Court had not denied a rehearing in Selman v. Louisiana, supra. The rehearing application in Selman v. Louisiana, supra, was not denied until October 12, 1976; hence, a valid death penalty in defendant's case was still a possibility. Additionally, defendant was advised that he could be convicted of other crimes which are responsive verdicts to the crime of aggravated rape. LSA-C.Cr.P. art. 814.
We have consistently held that, in the absence of other defects, the unconstitutionality of a statute's penalty clause does not have the effect of barring conviction under the statute and that, in lieu of the constitutionally infirm death penalty, a defendant is to be resentenced to the maximum sentence that could be imposed for a responsive verdict at the time the crime was committed. State v. Burge, La., 362 So.2d 1371 (1978) (rehearing denied October 19, 1978); State v. Drew, La., 360 So.2d 500 (1978); State v. Bryant, La., 347 So.2d 227 *597 (1977); State v. Lee, La., 340 So.2d 180 (1976); State v. Craig, La., 340 So.2d 191 (1976); State v. Sledge, La., 340 So.2d 205 (1976). In the absence of other reversible error, this is the procedure to be followed in the present case.
Defendant also argues that he was prejudiced in selecting a jury because several persons were dismissed for cause who stated that they could under no circumstances, return a verdict which required capital punishment. He further argues that the trial court erred in otherwise conducting his trial as a capital one.
These allegations concerning jury selection and other procedural aspects of defendant's trial are raised for the first time in brief to this Court; hence, they are not properly before us, as it is well settled that a new ground for objection may not be presented for the first time on appeal. An objection must be made in the trial court before it will be considered by this Court. LSA-C.Cr.P. art. 841; State v. Davis, La., 357 So.2d 1125 (1978); State v. Holstead, La., 354 So.2d 493 (1977); State v. Marks, La., 337 So.2d 1177 (1976).
The trial court correctly overruled both defendant's Motion to Quash the Indictment and Motion in Arrest of Judgment.
Assignments of Error Nos. 1 and 5 are without merits.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Here, defendant alleges that the trial court erred in admitting into evidence two photographs of the victim which showed the victim's facial wounds and the victim's position at the scene of the crime.
Generally, the test of admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may result from their display to the jury. State v. George, La., 346 So.2d 694 (1977); State v. Williams, La., 343 So.2d 1026 (1977); State v. Cooper, La., 334 So.2d 211 (1976). Photographs are generally admissible which illustrate any fact or which shed light on an issue, or are relevant to describe the person, place, or thing involved. State v. George, supra; State v. Hollingsworth, La., 337 So.2d 461 (1976).
In the present case, the pictures are not particularly gory or gruesome, and served several purposes: the evidence of the beating, plus the blood on defendant's hands and inside of his thigh serve to rebut the defendant's apparent contention that he had stopped to assist the victim; they served to strengthen and corroborate the testimony of the only eyewitness since the victim had no recollection of the incident; they were relevant to show that the victim's resistance was overcome by force; and they were also of assistance in explaining why the victim was unable to recall the attack. Considering that the victim had survived the attack and was present at trial, the pictures of the victim at the time of the incident is not likely to have inflamed the jury.
Having viewed the photographs and found that they were not gruesome and were relevant to the issues to be decided at trial, we find no error in the trial court's ruling.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial court erred in overruling his motion for a new trial in which he alleged that the State had failed to prove an essential element of the crime of aggravated rape: penetration.
Regarding penetration in an aggravated rape prosecution, LSA-R.S. 14:41 provides:
"Emission is not necessary; and any sexual penetration, vaginal or anal, however slight, is sufficient to complete the crime."
Only when there is no evidence of an essential element of the crime charged can this Court's appellate jurisdiction be invoked to reverse a conviction on an evidentiary review. Our standard of review was recently reiterated in State v. Tucker, La., 354 So.2d 521 (1978):

*598 "This Court's appellate jurisdiction is limited to questions of law, and it will not reverse a conviction on a question of guilt or innocence unless there is no evidence of an essential element of a crime  a situation which presents a question of law, it being illegal to convict a person of crime on no evidence. When there is some evidence, no matter how little, the Court will not inquire into the sufficiency of the evidence, that being a question of fact for the trial judge or jury. State v. Douglas, 278 So.2d 485 (La.1973)."
In the present case, though the injured victim had no memory of the rape, there was ample evidence from which the jury could determine that penetration had occurred:
(1) A resident of the apartment building adjacent to the crime scene testified that on the morning of the incident, while she was watching television, she heard a woman moaning. She went to her window and saw a man dragging a woman into the alleyway below. The witness testified that she turned her lights and television off and went back to the window. While she was at the window, she saw the man hit the woman several times and saw the man lying on the victim in a position for sexual intercourse. The witness then went to her landlord's apartment, at which time the police were called.
(2) Officer Ronald Tremblay, one of the two officers who initially answered the call, testified that when he arrived at the alley where the victim was lying, his partner had his gun drawn on the defendant. The officer testified that while shining his light on the defendant, he saw defendant place his penis into his pants. The officer also testified that when he arrived the victim had on only a slip, which was pulled up above her waist.
(3) Officer Robert Kelly, Officer Tremblay's partner, and the first to arrive on the scene, testified that an automobile was between him and the defendant and victim as he approached the area. He shined a flashlight toward the front of the automobile and noticed the feet of two people: a negro male bending over the victim. The officer testified that, when he first saw the defendant, he was lying down betweem the victim's legs making "thrusting" motions. The officer had his flashlight directly on the defendant and the victim, and, when defendant stood up, he noticed that the defendant's penis was out of his pants.
(4) Joseph DePaoli, a criminalist for the New Orleans Police Department testified that he was called upon to examine several blood samples allegedly associated with the offense. The officer testified that he found some human blood on defendant's left leg about an inch or two below where the legs separate. He examined the area and found no cuts or wounds on the defendant. Because of the small quantity, he was not able to determine the blood type of the stain. The officer further testified that he had examined the defendant's undershorts and found no traces of blood or any other stain.
(5) Dr. George Bailey, the Assistant Coroner who examined the victim when she arrived at Charity Hospital shortly after the incident, testified that he tested the vaginal area for acid phosphates and spermatozoa and that the tests were negative. He also testified that there were no bruises or lacerations in the victim's vaginal area. The doctor affirmatively testified that, although the test results were negative, penetration could have occurred without leaving visible and tangible evidence.
A review of the transcript convinces us that, though there was no evidence of penetration through the medical testimony, there was ample circumstantial evidence presented from which the jury could and did determine that penetration had occurred. As there is some evidence of penetration, an essential element of the crime of aggravated rape, the denial of defendant's motion for a new trial was proper.

Assignment of Error No. 6 is without merit.
As there is no reversible error present, defendant's sentence of death must *599 be vacated and the defendant remanded to be resentenced to the maximum sentence that could be imposed for a responsive verdict to the most serious lesser included offense: attempted aggravated rape. State v. Burge, supra. Defendant committed the crime on May 11, 1976. At that time, the maximum sentence for attempted aggravated rape was imprisonment for fifty years. LSA-C.Cr.P. art. 814; LSA-R.S. 14:27, 14:42.
For the reasons assigned, the conviction is affirmed, the sentence is vacated, and the case is remanded for resentencing in accordance with law and the views herein expressed.