386 So.2d 85 (1980)
STATE of Louisiana
v.
Ray JONES.
No. 65892.
Supreme Court of Louisiana.
July 7, 1980.
*86 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Joseph David Toups, Asst. Dist. Attys., for plaintiff-appellee.
Kelly & Salim, Robert L. Salim, Natchitoches, for defendant-appellant.
BLANCHE, Justice.
Defendant, Ray Jones, was charged by bill of information with distribution of marijuana in violation of R.S. 40:966(A). On June 11, 1979, the district attorney, pursuant to a plea bargain agreement between defendant and the state, moved to reduce the charge to attempted distribution of marijuana, R.S. 14:27, 40:966(A). Following the trial judge's determination that defendant was knowingly and intelligently entering the plea, defendant pleaded guilty to the reduced charge. On September 13, 1979, defendant was sentenced to five years at hard labor, the maximum term possible for attempted distribution of marijuana, and was fined $7,000.
Defendant now appeals his conviction and sentence on the following grounds: (1) the sentence imposed is excessive in violation of the constitutional prohibition of cruel and unusual punishment, La.Const. art. 1, § 20; (2) the defendant's plea was involuntary because it was induced in part by the state's promise that defendant would receive no jail term and that this part of the bargain was breached when defendant received a five-year sentence; (3) the trial judge erred in not providing defendant, prior to sentencing, with a copy of a pre-sentence report.
Defense counsel failed to object to any of these three alleged errors at the time of the imposition of sentence, but first raises them in his written assignments of error for appeal.
The imposition by law of excessive punishment is unconstitutional. La.Const. art. 1, § 20 (1974). In State v. Sepulvado, 367 So.2d 762 (La.1979), we held that:
"... the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction."
We further stated that C.Cr.P. art. 894.1, which sets forth factors to be considered in imposing sentence and which requires the trial judge to state for the record the factual basis of the sentence, provides:
"... appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentence alternatives."
Although, as a general rule, an alleged error cannot be urged for the first time on appeal, La.C.Cr.P. art. 841, State v. Valentine, 364 So.2d 595 (La.1978); State v. Stoltz, 358 So.2d 1249 (La.1978), this Court has not taken the same attitude where the defendant complains of an excessive sentence *87 and where the trial judge imposes a sentence with inadequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1 that he state the considerations and the factual basis for his sentence. We have held that, even without formal objection at the time of sentencing, this Court may vacate a sentence and remand for resentencing when the factual reasons for an apparently severe sentence in relation to the particular defendant and the actual offense committed do not appear in the record. State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La.1979); State v. Sepulvado, 359 So.2d 137 (La.1978). In State v. Cox, supra, we held that no objection is required as to excessiveness at the time of sentencing to preserve the issue for appellate review when raised by assignment of error to this Court.
In the present case, the trial judge indicated that there was undue risk that defendant would commit another crime if granted probation, and that a lesser sentence would depreciate the seriousness of the crime, factors listed in C.Cr.P. art. 894.1 as considerations for sentencing. However, the court provided no factual basis for these conclusions. In considering mitigating circumstances, the judge continued to give unexplained findings. Absent full compliance with La.C.Cr.P. art. 894.1, we lack appropriate criteria by which to measure whether these sentences are excessive. Accordingly, we vacate defendant's sentence and remand the case to the trial court with instructions to properly follow the mandates of C.Cr.P. art. 894.1 before imposing sentence.
LEMMON, Justice, concurring.
The sentence should be set aside because of the failure to provide the report of the pre-sentence investigation to counsel prior to sentencing and to afford counsel an opportunity to rebut erroneous information.