JASPER E. JONES, Judge.
The defendant, Ellen Lee Segura Kelly, was indicted for distribution of a Schedule II controlled dangerous substance, amphetamine, in violation of LSA-R.S. 40:967. She pled guilty to the charged offense and sentenced to three years at hard labor under the provisions of R.S. 40:967 B^).[1] She appeals her sentence as excessive. We order the sentence vacated and remand for resentencing.
The presentence investigation report compiled at the direction of the trial judge reveals that the charge against defendant arose from an incident in which she sold ten capsules of Biphetamine, which contained amphetamine, to an undercover narcotics agent for $30.00. Defendant obtained the drugs by the use of a prescription issued to her husband. She was introduced to the agent by her sister-in-law from whom she was renting her residence. At the time of the offense she told the agent she “really needed money bad.” The offense was committed October 8, 1982. Defendant was arrested August 23, 1983.
The presentenee report reveals defendant has been a lifelong resident of DeSoto Parish. She graduated from Mansfield High School and attended for two semesters college and nursing school at Northwestern State University. At the time of the offense she was 32 years old and had never been in trouble with the law. She has no prior arrests or convictions, either felony or misdemeanor, and no juvenile record. Though almost one year elapsed between this offense and her arrest for it she was charged with no other illegal activity during the interim. Defendant is the mother of three minor children, two of whom are living with and dependent upon her for support. The third child, who was born of a prior marriage, was placed in her natural father’s home after defendant’s present husband was convicted of indecent behavior with the child.
Defendant was allowed to remain free on bond pending the outcome of her appeal.[2] Counsel informs the court that subsequent to the sentencing hearing defendant has obtained a divorce from her husband and has moved to Metairie with her two dependent children and has obtained employment.
As a general rule the trial judge is afforded wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest *318 abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983). The trial court’s discretion is not unbridled, however. Even the imposition of a sentence within the statutory limits may, in some case, violate the defendant’s right against excessive punishment guaranteed by Louisiana Constitution of 1974, Art. 1, § 20. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jones, 386 So.2d 85 (La.1980); State v. Forshee, 395 So.2d 742 (La.1981); State v. Tilley, 400 So.2d 1363 (La.1981); State v. Gordon, 444 So.2d 1188 (La.1984).
The sentencing guidelines of LSA-C.Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, supra. These guidelines require that the trial judge individualize the sentence to the defendant and the offense. State v. Jackson, 360 So.2d 842 (La.1978); State v. Dunns, 404 So.2d 1235 (La.1981); State v. Bing, 410 So.2d 227 (La.1982); State v. Tilley, supra. While the trial judge need not articulate every aggravating Rnd mitigating circumstance outlined in article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Hammonds, supra.
The trial judge handed down written reasons for sentence in which he listed his findings on all the 894.1 factors. The primary factor he relied upon to justify the sentence imposed is the seriousness of the offense. The judge stated that distributing controlled dangerous substances is an “odious” offense and implied that everyone who commits the offense, regardless of the circumstances, deserves a sentence of imprisonment.
We agree that the distribution of controlled dangerous substances is an extremely serious offense. The seriousness of the offense is, however, only one of the factors that must be considered in individualizing the sentence to the defendant. State v. Ezernack, 408 So.2d 907 (La.1981); State v. Paddie, 434 So.2d 392 (La.1983). The pronouncement by the trial judge that all persons who distribute drugs are going to jail regardless of the circumstances violates the principle of individualized sentences and indicates that the judge may have given inadequate weight to the considerable mitigating factors present in considering viable sentencing alternatives such as a lesser sentence or probation.[3]
The record reveals that the instant violation was relatively minor. Defendant sold a small quantity of legally obtained drugs at a nominal price and there is no indication that the offense was anything other than an isolated one time violation. At age 32 defendant had no prior criminal record and she has no record since the offense. The fact that defendant has no subsequent record is significant due to the fact that 10V2 months elapsed between the crime and her arrest. Defendant was presumably unaware of the agent’s true identity before her arrest and had ample time to have sold him more drugs. There is also no indication in the record that defendant either associated with known narcotics offenders or was under suspicion, prior to the offense, of being involved with drugs.[4] We further note that there may be some grounds tending to justify defendant’s conduct. 894.1 B(4). She indicated to the agent that she desperately needed the money. Although the need for money does not justify criminal conduct, it does indicate, depending on the reason, that defendant’s conduct may have been the result of circumstances unlikely to recur. 894.1 B(8). Another mitigating factor to be considered *319 in defendant’s favor is that a lengthy period of incarceration may cause undue pain and suffering to her dependent children.[5] See 894.1 B(U).
We conclude that defendant is entitled to resentencing with due weight given to the mitigating circumstances. In making this determination we are not saying that the seriousness of the offense can never justify a relatively severe sentence for drug distributors. We merely hold that the sentence imposed on such defendants must be based on the facts and circumstances of the particular case and with regard to the individual defendant.
In remanding the case for resentencing we make no recommendation as to the appropriate sentence. We do note, however, that the trial judge’s decision not to grant probation was influenced by his finding that there is nothing positive manifested in defendant’s character or attitude that indicates favorable response to probation. There is absolutely nothing in the record to substantiate this finding. To the contrary, everything in the record indicates that defendant is an ideal candidate for probation. (See our discussion of the mitigating circumstances above.) We strongly suspect that the judge’s conclusion as to defendant’s attitude was inappropriately influenced by defense counsel’s diligent efforts in attempting to secure probation for her client. In his reasons for sentence the trial judge makes a statement to the effect that defendant thinks she should be entitled to one free crime. Other than counsel’s efforts in performing her duty to zealously defend the rights of her client, we find no indication in the record that defendant has adopted this attitude. Defendant did write the judge a letter prior to sentencing in which she asks for another chance. The letter appears to be a sincere expression of defendant’s regret over having committed the crime and a request for lenciency in sentencing. We do not see how the letter can be interpreted as an indication that defendant believes she is entitled to one free crime.
For the foregoing reasons the sentence imposed is REVERSED and VACATED. The case is remanded for resentencing in accord with the views expressed herein.

. The trial judge originally sentenced defendant to the statutory minimum five years under R.S. 40:967 B(l). It was subsequently brought to the court’s attention that defendant should have been sentenced under R.S. 40:967 B(3). After taking note of the mistake the court amended the sentence to three years.

. The presentence report reveals that defendant has a sketchy employment record. Due to the fact that she began having children shortly after leaving school her employment record should not be considered against her for sentencing purposes.

. Because of defendant's status as a first offender the trial judge was not precluded from placing her on probation. LSA-C.Cr.P. art. 893.

. Defendant admitted she used drugs in the early 70’s but claims she has not done so in nearly ten years.

. The trial judge found that any hardship caused to the children would not be excessive because defendant's father would probably provide them a good home. We do not believe that the hardship to the children can be measured solely in terms of who will support them.