YELVERTON, Judge.
Robert Himel, 36, charged with two counts of distribution of cocaine, in violation of La.R.S. 40:967(A), pleaded guilty to one count in a plea bargain, in which the State agreed to dismiss the other count, and the sentencing judge agreed not to give a sentence in excess of eight years. At the sentencing conducted after a pretrial investigation was completed, the judge sentenced defendant to serve six years at hard labor. Defendant appeals contending error in not giving proper and adequate consideration to the sentencing guidelines, La.C.Cr.P. art. 894.1, and error in imposing an excessive sentence.
In sentencing, the judge followed the guidelines of art. 894.1. He was well acquainted with the circumstances, both aggravating and mitigating. The defendant was divorced, had no children, had a fairly good employment record, and a criminal record limited to a “few DWI offenses”, this conviction, and one other conviction for possession of cocaine with intent to distribute for which he was serving two years at the time of the sentencing in the present case.
According to defendant, one of the failings of the trial judge in his efforts to comply with art. 894.1, was allowing his strong views toward drug offenders to affect his decision to impose this six year sentence. Appellant cites the following language of the trial judge during sentence:
“Therefore, I feel that for public safety, it is at least moderately indicated that incarceration be a proper sentence. As far as the crime itself, a sentence in any type of distribution, a severe sentence is indicated as a deterrent to others who would be inclined to sell drugs for a profit ...”
“If l[e]nient sentences were given for this, the risk of serving small sentences for the great amount of profit involved, we would be overwhelmed with drugs.”
Defendant argues that this language manifests an improper sentencing emphasis on the particular crime, in violation of the principle of individualized sentences. Defendant relies on State v. Kelly, 469 So.2d 316 (La.App. 2d Cir.1985), which condemned a judicial attitude that a prison sentence is appropriate for drug offenses regardless of the circumstances.
Our examination of the entirety of the reasons for sentencing in the present case shows that the sentencing judge was by no means committed to a prison sentence regardless of the circumstances. While expressing his views regarding drug offenders, the judge did not afford seriousness of the offense undue weight as compared with the other factors. Moreover, although the *657 judge indicated a severe sentence is appropriate in drug distribution cases, the sentence imposed cannot be termed severe. Under La.R.S. 40:967(B)(1) defendant faced a penalty of not less than five years and not more than thirty years in prison. Given this range, a sentence of six years is not severe. It is apparent not only from the length of the sentence but also from his detailed reference to each of the numbered sentencing guidelines that he carefully particularized this sentence to the defendant.
The other way that the defendant thought the trial judge failed to comply with the guidelines was by not giving “... adequate consideration to recommendations made by law enforcement officials from the Sheriffs Office in the Parish of Avoyelles.” Several deputies wrote personal letters to the judge praising the defendant’s conduct as an inmate in the Avoyelles Parish jail, and urging that this be given consideration.
The record indicates the trial judge did give adequate consideration to these recommendations. He said so. After reading the letters, the trial judge commented that defendant possessed a sincere desire to refrain from criminal activity in the future.
Our review of the record convinces us that the trial judge’s thoughts regarding drug offenders did not prevent him from imposing a sentence particularized to defendant, and that he gave adequate consideration to the recommendations of the Avo-yelles Parish officials.
This assignment of error lacks merit.
Defendant’s remaining assignment of error is that the sentence is excessive. The trial judge stated his reasons for sentencing. He felt a lesser sentence would deprecate the seriousness of the offense. While he was impressed with defendant’s progress in rehabilitation as an inmate in the Avoyelles Parish jail, and his apparent desire to refrain from future criminal activity, the trial judge was not completely convinced defendant would not commit another offense if placed on probation. The trial judge discussed each of the factors listed in article 894.1 for consideration in determining whether to suspend the sentence or place defendant on probation.
Under La.R.S. 40:967(B)(1) defendant faced a minimum sentence of five years at hard labor and a maximum sentence of thirty years at hard labor. In addition, defendant could have been fined up to $15,-000. In the plea bargain, defendant received the benefit of dismissal of a second count of distribution carrying the same potential sentence. The defendant had a criminal record, and was serving a sentence for another offense at the same time the sentence was imposed for this one. The sentence he received, six years at hard labor, is one year above the minimum under the statute and can hardly be termed “... so disproportionate to the crime ... as to shock our sense of justice.” State v. King, 471 So.2d 1181 (La.App. 3rd Cir.1985).
We find no merit to this assignment of error.
The sentence is affirmed.
AFFIRMED.