387 So.2d 592 (1980)
STATE of Louisiana
v.
Timothy P. SKIPPER.
No. 66655.
Supreme Court of Louisiana.
July 7, 1980.
Rehearing Denied September 12, 1980.
*593 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Philip J. Boudousque, Asst. Dist. Attys., for plaintiff-appellee.
Indigent Defender Program, Jack Quarles, Gretna, Dalton, Gillen & Roniger, Sam Dalton, Jefferson, Ralph S. Whalen, Jr., Walter J. Rothschild, Oestriecher & Whalen, New Orleans, for defendant-appellant.
BLANCHE, Justice.
The defendant, Timothy Skipper, was charged by bill of information with two counts of cruelty to a juvenile in violation of La. R.S. 14:93. Subsequent to defendant's waiver of trial by jury, the trial judge found defendant guilty as charged and sentenced defendant to five years at hard labor and fined him $1,000 plus court costs. The defense now appeals on the basis of six assignments of error.
On January 20, 1979, Virginia Skipper brought her five year old son, Barry Pontiff, to the emergency room of East Jefferson Hospital. Young Barry had second and third degree burns on both feet and on the lower part of both legs (the left leg had a sock type burn which extended from the middle of the calf downward) and had bruises all over his body. He was also so withdrawn that he showed no signs of pain and would not talk.
At trial, both Barry and Larry Pontiff, Barry's seven year old brother, testified that Barry's feet were burned when their stepfather, the defendant, put Barry into a tub of hot water. They also testified that defendant had whipped Barry on various occasions with a belt and with a stick. Officer Charles Lee testified concerning a statement given by defendant to the police. Defendant claimed that Barry's legs were burned when Barry, while unsupervised, ran the hot water into the bathtub and got into the tub on his own, and that the bruises occurred when Barry fell off a skateboard. He did admit that in the past, he had whipped Barry with a belt.
Dr. Herbert Rothschild, an expert on the battered child syndrome, testified that in his opinion, both the burns and the bruises *594 could only be the result of child abuse. He stated that the injuries were not consistent with defendant's explanation as to how Barry had received them. As to the burns, he rendered the opinion that it was impossible for a child to get into a tub of hot water on his own and to burn both feet at the same time because no person steps into a bathtub except by putting one foot first. Also, as to the bruises, he believed their haphazard and linear nature indicated they were caused by something striking the child and were not all inflicted on the same occasion. He also opined that a skateboard fall ought not cause bruises over the entire body. Based on this evidence, the trial judge found defendant guilty as charged.

Assignment of Error Number 1
Defense counsel contends the trial judge erred in not granting his motion for a judgment of acquittal on the ground that the state failed to prove Jefferson Parish was proper venue.
All trials must take place in the parish where the offense occurred unless changed. La.Const. art. 1, § 16 (1974); C.Cr.P. art. 611. While the law requires the state to prove venue beyond a reasonable doubt at trial, C.Cr.P. art. 615, State v. Guillot, 353 So.2d 1005 (La.1977), our review, because venue is a factual question, is limited on appeal to whether the state submitted some evidence of proper venue. State v. Guillot, supra; State v. Lejeune, 352 So.2d 619 (La.1977); State v. West, 319 So.2d 901 (La.1975).
After a review of the record, we find the state submitted evidence of proper venue. Consequently, this assignment is without merit.

Assignment of Error Number 2
Defense counsel contends defendant's conviction should be reversed because he did not knowingly and intelligently waive his right to a jury trial as is required by both the constitution and statutory law. La.Const. art. 1, § 17 (1974); C.Cr.P. art. 780.
The minutes reflect that on 10/15/79, trial by jury was waived and defendant was present and represented by counsel at that time. However, counsel contends the record must affirmatively show the trial judge informed defendant personally of his right to a jury trial and determined that defendant knowingly and intelligently waived that right.
This complaint was first raised in defense counsel's written assignments of error for appeal. The proper procedural vehicle for claiming defendant did not knowingly waive his right to a jury trial is a motion in arrest of judgment, La. C.Cr.P. Art. 859, although this Court has reviewed that alleged error where it was raised in a motion for a new trial. State v. Sharp, 338 So.2d 654 (La.1976). However, we will not consider an objection raised for the first time on appeal, C.Cr.P. art. 841; State v. Valentine, 364 So.2d 595 (La.1978); State v. Stoltz, 358 So.2d 1249 (La.1978); State v. O'Blanc, 346 So.2d 686 (La.1977), for the reason that any such objection should first be made in the trial court in order that the trial judge be presented with the opportunity to correct any such error. State v. Valentine, supra; State v. Lee, 346 So.2d 682 (La.1977).
Consequently, defense counsel's contention that defendant did not waive his right to a jury trial, first urged on appeal, is not properly before us for review.

Assignments of Error Numbers 3 and 4
Defense counsel contends the trial judge erred in ruling that both Larry Pontiff, age 7, and Barry Pontiff age 5, were competent to testify. Defense counsel complained, both at the time of the rulings and in a motion for a new trial, that the two children lacked sufficient understanding to be witnesses.
La. R.S. 15:469 provides:
"Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination that such child has sufficient understanding to be a witness."
*595 A trial judge's ruling as to the competency of a child witness is entitled to great weight upon appeal because he has had the opportunity to see and hear the child. State v. Thompson, 364 So.2d 908 (La.1978); State v. Noble, 342 So.2d 170 (La.1977); State v. Francis, 337 So.2d 487 (La.1976).
The trial judge examined both Larry and Barry to determine their understanding. As to Larry, this 7 year old answered in the affirmative when asked if he understood the difference between telling the truth and not telling the truth, and also when asked if he understood why he was in court. He testified that his brother was burned when Timothy (the defendant) put him in hot water. He also said Timothy had whipped his brother with a stick and a belt. He was able to handle the defenses attorney's questions concerning who had brought him to court, whether anyone had told him what to say, and whether what he told the judge was what he actually saw. Nothing in his testimony leads us to believe the trial judge abused his discretion in ruling that Larry was competent to testify.
Five year old Barry, the victim, also answered in the affirmative when asked if he understood why he was in court and if he knew he had to be truthful (although he did not know what a "fib" was). He understood the judge wanted him to tell his story about what happened to him. He testified that Timothy had whipped him. When questioned about the burns on his legs, he answered as follows:
"Q. How with [were] your legs burned?
A. In hot water.
Q. How were they put [in] this hot water?
A. He put me in it.
Q. Who is he?
A. Timothy."
As with Larry, we do not believe the trial judge abused his discretion in deciding that Barry had sufficient understanding to testify. It was the trial judge who had the advantage of observing the manner of both Barry and Larry, a factor of great importance in determining their understanding.
Accordingly, these assignments are without merit.

Assignments of Error Numbers 5 and 6
Defense counsel contends the trial court erred in denying his motion for acquittal and motion for a new trial based on the ground that the state failed to prove defendant intentionally mistreated Barry, thereby causing unjustifiable pain or suffering to the child, essential elements of the crime for which defendant was convicted. La. R.S. 14:93.
After a review of the record, we are convinced that this assignment is without merit.
For the above reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
DIXON, C. J., concurs.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I concur. However, I disagree with the implication of the majority's treatment of assignment of error No. 2. A defendant who does not knowingly and intelligently waive his right to trial by jury cannot be expected at the time of waiver to object that he doesn't understand his right to trial by jury. He may not realize that he has this right until after the time for filing a motion for a new trial or a motion in arrest of judgment has passed and an appeal to this court is pending. C.Cr.P. Arts. 853, 861.
In this circumstance a procedural vehicle available to defendant is to request this court to remand the case to the trial court for a hearing on his complaint. State v. Shannon, 360 So.2d 193 (La.1978), State v. Jackson, 362 So.2d 853 (La.1978). Inasmuch as defendant has not made such a request, I concur in the majority opinion.