439 So.2d 614 (1983)
STATE of Louisiana
v.
Keith DEES.
Nos. 83 KA 0168, 83 KA 0169.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*615 Ossie Brown, Dist. Atty. by John Sinquefield, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Phillip Shaheen, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
The defendant, Keith D. Dees, was charged with committing aggravated rape and aggravated crime against nature of a nine-year-old male child, in violation of La. R.S. 14:42 and 14:89.1.[1] The defendant entered pleas of not guilty and not guilty by reason of insanity to both charges. On joint motion of the parties, the charges were consolidated, and after a trial by jury, the defendant was found guilty as charged. The trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the aggravated rape charge. On the aggravated crime against nature charge, the defendant was sentenced to confinement at hard labor for fifteen years without benefit of suspension of sentence, probation or parole, and the trial court ordered this sentence to run concurrently with the sentence imposed on the aggravated rape. This appeal followed.

FACTS
On September 2, 1982, the victim, a nine-year-old male child, went to his neighbor's house located in the Parish of East Baton Rouge, Louisiana. The defendant, Keith D. Dees, was present at the neighbor's house visiting friends. Dees told the victim that he had a bicycle that he would give him if he (the victim) would go to the defendant's residence to get it. After arriving at Dees' home, it was discovered that the bicycle was broken. Dees and the victim went to a bedroom in the house to get a screwdriver to fix the bike. In the bedroom, Dees reached into a closet and pulled a gun which he pointed at the child. Dees then struck the child and knocked him down. Dees made the child undress, get on a bed with him and had the child perform oral sex upon him. Thereafter, Dees had anal sexual intercourse with the child. After these acts were completed, Dees told the child that he would kill him and his mother if he told anyone of these incidents.

COMPETENCY OF CHILD TO TESTIFY
The only assignment of error urged by the defendant in these appeals is that the trial court committed error by ruling that the victim, who was ten years old at the time of the trial, was competent to testify at the trial.
La.R.S. 15:469 provides as follows:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
When the State called the victim to testify at the trial, the trial judge retired the jury and conducted a competency hearing pursuant to La.R.S. 15:469 out of the jury's presence. The child was sworn and examined by the State, the defendant and the court. He correctly gave his age (ten at the time of trial) and his date of birth. He testified that he was in fifth grade, gave the name of his school and advised that his grades were A's and B's. He testified that he knew what it meant to tell the truth, what it meant to tell a lie and that he understood the importance of telling the truth in court. He further testified that he *616 believed in God, that he understood he was under oath to tell the truth and that it was wrong to tell a lie. Based on this testimony, the trial judge ruled that the child was competent to testify.
The determination of the trial judge that a child witness is competent is based upon the child's answers to questions testing his understanding and on the child's overall demeanor on the witness stand. State v. Humphrey, 412 So.2d 507 (La.1981). The determination of a trial judge, as to whether or not a child has the required sufficient understanding, is entitled to great weight because he (or she) has the advantage of seeing and hearing the witness. State v. Edwards, 420 So.2d 663 (La.1982); State v. Edwards, 419 So.2d 881 (La.1982); State v. Skipper, 387 So.2d 592 (La.1980). The trial judge has great discretion in determining the competency of a child witness, and his ruling will not be disturbed unless testimony brought up shows that the ruling was manifestly erroneous. State v. Arnaud, 412 So.2d 1013 (La.1982).
The testimony of the child at the competency hearing clearly shows that he had sufficient understanding to be a witness. This conclusion is reinforced by the clarity of the child's testimony before the jury. Children of a younger age have been allowed to testify where their competency has been sufficiently proven. Edwards, 420 So.2d at 676 (eight years old); Edwards, 419 So.2d at 890 (five years old at time of crime, six years old at time of trial); Arnaud, 412 So.2d at 1018 (four years old); Humphrey, 412 So.2d at 516 (seven years old at time of crime and nine years old at time of trial); Skipper, 387 So.2d at 594-595 (ages five and seven).
The ruling of the trial judge, determining that the ten-year-old victim was competent to testify, is correct.

CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The aggravated rape charge was instituted by a grand jury indictment, and the aggravated crime against nature charge was instituted by a bill of information.