439 So.2d 433 (1983)
STATE of Louisiana
v.
Russell FOY, Sr.
No. 82-KA-1850.
Supreme Court of Louisiana.
October 17, 1983.
*434 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouch, Dist. Atty., Terry Lindsey, Asst. Dist. Atty., for plaintiff-appellee.
Frank E. Brown, Jr., Piper & Brown, Inc., Shreveport, for defendant-appellant.
BAILES, Justice Pro Tem.[*]
Russell Foy was indicted by the grand jury on two counts for the first degree murders of Carr Corbin and Betty Williams on June 7, 1980, in violation of La.R.S. 14:30. After trial by jury, defendant was found guilty as charged. A sentencing hearing was conducted before the same jury that determined the issue of guilt, and the jury unanimously recommended on each count that defendant be sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. The trial judge sentenced defendant in accordance with the recommendation of the jury. On appeal, defendant *435 relies on six assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant contends the trial judge erred in ruling that Karemka Williams, then age 8, was competent to testify as to the events which occurred when she was 6, and in limiting defendant's cross-examination of Karemka as to her competency. Defendant argues the child lacked sufficient understanding to be a witness, particularly concerning the sincerity of an oath and possible punishment for lying.
La.R.S. 15:469 provides:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
The trial judge examined the child in full compliance with the statutory requirement. The judge and counsel questioned her about school, church and the difference between telling the truth and telling stories. Defendant's challenge centers on the child's equivocal answers on what happens if she tells a lie, her inability to remember all the descriptive details of apparel, personal features, and actions from the crime scene twenty-two months earlier, and her consistent hesitancy on certain matters. However, a child's sometimes hesitant or unresponsive answers do not necessarily indicate incompetency. State v. Humphrey, 412 So.2d 507 (La.1982). Instead, they may be part of an overall demeanor in the unfamiliar courtroom experience which favorably reflects testimony only as to what is clear to the child, even though the witness did answer she does not know what would happen to her if she lied. State v. Sharp, 338 So.2d 654 (La.1976).
Understanding, not age, is the test of competency for any witness. A trial judge's judgment on the competency of a child witness is entitled to great weight on appeal because he had the crucial advantage of seeing and hearing the child. State v. Thompson, 364 So.2d 908 (La.1978); State v. Francis, 337 So.2d 487 (La.1976). A review of the testimony of this witness does not reveal an abuse of discretion in the trial judge's ruling that the child possessed sufficient understanding of the trial, the questions, the difference between truth and lies, and her ability to recall the events about which she testified. State v. Skipper, 387 So.2d 592 (La.1980).
Defendant also challenges the trial judge's restriction on his cross-examination in the jury's presence to show the child's testimonial incompetency. However, the trial record reveals ample questioning by the defense on cross and recross examination as to her credibility. The only two instances where the trial judge curtailed the defense counsel's examination of the witness occurred when counsel attempted to retry before the jury the judge's determination of competency under La.R.S. 15:469.
Therefore, the trial judge did not err in his rulings on the competence and testimony of the child witness.
Assignments of Error Nos. 2 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends there is insufficient evidence of guilt to convince a rational trier of fact beyond a reasonable doubt that defendant was the person who committed the two murders. Defendant argues that without the only evidence that defendant had the gun and did the shooting, which came from the daughter Karemka William's testimony challenged as improperly admitted in Assignment of Error No. 2, the remaining *436 circumstantial evidence does not exclude every reasonable hypothesis of innocence.
The state presented the testimony of Karemka Williams that the defendant rode in her natural parents' car to the murder site from a restaurant followed by another man in a brown car, shot her father from behind, exited the car, and returned and shot her mother through the window as she tried to restart the car. The state also presented two adult passers-by who placed the defendant at the crime scene in the few minutes after the first murder and before the second. Scientific evidence provided defendant's palm print on the driver's door of the deceased's car, and ballistics evidence was consistent with Karemka's version. Defendant testified that he arrived at the scene for a scheduled meeting with the deceased, discovered both dead bodies, and fled in panic. He denied killing anyone.
A defendant has not been afforded due process unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 422 So.2d 123 (La.1982). Additionally, the statutory rule regarding circumstantial evidence of guilt provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
Reviewing the evidence in this case,[2] the state is not relying solely on circumstantial evidence to establish the guilt of the defendant. Where there is direct evidence, such as a witness (Karemka) to the crime itself, the trier of fact weighs the credibility of that evidence and the reviewer under Jackson defers to that trier of fact, assuming the proven facts most favorable to the state. State v. Shapiro, 431 So.2d 372, 384 (on rehearing) (La.1983). We find a rational trier of fact could find the essential elements of first degree murder proven beyond a reasonable doubt on both counts by the evidence viewed in the light most favorable to the state.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 1
Defendant contends there are discoverable, patent errors in the proceedings and on the face of the record which warrant reversal without inspection of the record. This assignment was neither briefed nor argued, and we find on review no such error in the indictment, minutes, verdict or sentence. La.Code Crim.P. art. 920.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in refusing to give the jury a requested special charge concerning misidentification, and in failing to give an amplified charge on reasonable doubt. The requested instruction outlined the factors to be considered in determining whether the in-court identifications of defendant as the person who committed the crime sufficiently identified the defendant as the perpetrator beyond a reasonable doubt. The criteria set forth were discussed in State v. Frisco, 411 So.2d 37 (La.1982); State v. Stewart, 389 So.2d 1321 (La.1980), dealing with the suppression of lineup identification, and similar criteria were mandated in United States v. Hodges, 515 F.2d 650 (7th Cir.1975).
The trial judge denied the defense request to give the special charges as they were included in the general charge and could be argued orally to the jury. The general charge to the jury included this instruction:
As jurors you alone shall determine the weight and credibility of the evidence. As the sole judges of the credibility of witnesses and of the weight their testimony deserves, you should scrutinize carefully the testimony given and the circumstances under which the witnesses testified. In evaluating the testimony of *437 witnesses, you may consider their ability and opportunity to observe and remember the matter about which they testified, their manner while testifying, any reason they may have for testifying in favor of or against the State or the defendant, and the extent to which the testimony is supported or contradicted by other evidence.
Furthermore, the trial judge instructed the jury that the burden was on the state to prove the defendant's guilt beyond a reasonable doubt and charged the jury on each element of the crime.
The required statutory charge on reasonable doubt was given by the trial judge. La.Code Crim.P. art. 804. The trial judge is not required to define reasonable doubt or give any other or further charge than that contained in the article. State v. McDaniel, 410 So.2d 754 (La.1982). As to the misidentification charge, identification of the accused as the perpetrator of the offenses was one of the elements of proof required. Additionally, the trial judge properly instructed the jury in the quoted charge above on the weight and credibility of testimony to consider witnesses' abilities and opportunities to observe and remember. The defendant's requested special charge was included in the general charge given by the court. La.Code Crim.P. art. 807; State v. Edwards, 419 So.2d 881 (La.1982). Moreover, to have given the requested special charges on the identification issue would have improperly pinpointed this issue out of proportion with others in the case. State v. Stewart, 357 So.2d 1111 (La.1978); State v. Rose, 271 So.2d 863 (La.1973). Defendant's appeal, as did his trial defense, really attacks only the credibility of the eyewitness child's testimony as to the sequence of events since the defendant himself admits to being on the murder scene. Hence, we conclude that the trial judge properly refused to give the requested special charges.
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[*] Bailes, J. sitting for Justice Marcus.
[1] Assignment of Error No. 5 was neither briefed nor argued on appeal; therefore, we consider it abandoned. State v. Carlisle, 315 So.2d 675, 676 (La.1975); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
[2] In light of the rejection of Assignment of Error No. 2.