GRISBAUM, Judge.
Thomas Robinson was charged with simple burglary of an inhabited” dwelling in violation of La.R.S. 14:62.2. After a trial by jury, he was found guilty. On October 6, 1982 he was sentenced to four years at hard labor. From this conviction and sentence, defendant appeals. We affirm.
ASSIGNMENTS OF ERROR
1) The trial court committed reversible error [under State v. Johnson, 389 So.2d 372 (La.1980) ] when it failed to instruct the jury as to the purpose of the State’s cross-examination of defendant’s character witness regarding defendant’s prior criminal record.
2) The trial court committed reversible error by denying defendant’s Motion for a New Trial, which was based upon the absence of any evidence showing an intent to permanently deprive the victim of his television set.
FACTS
On April 20,1982, at about 12 noon, Leon Duville was driving down the street on which he lives when he observed Willie Thomas in his friend’s (Lester Mitchell’s) yard. The defendant, Thomas Robinson, was standing in his own yard near the fence that divides his property from that of Mitchell’s. Mr. Duville observed the two subjects standing in close proximity to one another, divided only by the fence. Upon returning from a convenience store, Mr. Duville observed Willie Thomas pass a small portable television over the* fence and hand it to the defendant, Robinson. Mr. Duville immediately recognized the set as belonging to his friend, Mitchell. Mr. Duville further noticed that a window on the side of Mitchell’s house was broken.
Mr. Duville then stopped his truck and approached Willie Thomas, who was now in defendant Robinson’s yard and was standing' in the doorway of the garage. Duville testified that “I told Willie Thomas that he was wrong for what they was doing. ...”
Mr. Duville returned to his job and later that afternoon advised Mitchell of what had transpired. Mitchell returned home, checked his residence, and found the window in his son’s bedroom had been broken. The television was in the room, but it had been moved from its original location and was unplugged. The police were summoned to Mitchell’s house and that afternoon, upon the complaint of the victim and the statement given by Duville, both Thom *366 as Robinson and Willie Thomas were arrested.
ASSIGNMENT OP ERROR NO. 1
Recognizing the legitimate function, of the prosecution in subjecting a defendant’s character witness to the “crucible of cross-examination” to enable the jury to assess the witness’s familiarity with defendant’s reputation and the quality of his report thereof, and, on the other hand, attempting to protect a defendant from undue prejudice which might arise from such questioning, the Supreme Court in State v. Johnson set forth preliminary questions the trial court must determine before permitting a prosecuting attorney to cross-examine a defendant’s character witness concerning a defendant’s prior criminal history. State v. Johnson, 389 So.2d 372, 376-377 (La.1980). The trial court must be satisfied that:
(1) there is no question as to the fact of the subject matter of the rumor, that is, of the previous arrest, conviction, orother pertinent misconduct of the defendant;
(2) a reasonable likelihood exists that the previous arrest, conviction or other pertinent misconduct would have been bruited about the neighborhood or community prior to the alleged commission of the offense on trial;
(3) neither the event or conduct nor the rumor concerning it occurred at a time too remote from the present offense;
(4) the earlier event or misconduct and the rumor concerned the specific trait involved in the offense for which the accused is on trial; and
(5) the examination will be conducted in the proper form, that is: ‘Have you heard,’ etc., not ‘Do you know,’ etc.
The Supreme Court further stated “if the conclusion is reached to allow the interrogation, the jury should be informed of its exact purpose either at the conclusion thereof or in the charge.” State v. Johnson, 389 So.2d 372, 376 (La.1980).
The record reflects the defendant’s sister, Joyce Rolle, was called to the stand by the defense as a character witness. The State, on cross-examination, attempted to impeach her testimony by asking questions concerning defendant’s prior criminal record. Prior to these questions, the court, out of the jury’s presence, determined that such questions would be proper after it was satisfied the State v. Johnson guidelines had been met.
The defense counsel made numerous objections during the initial Johnson determination outside the jury’s presence and also while the character witness was questioned in the jury’s presence. The basis for the objections was that such questions would unduly influence and prejudice the jury. After the cross-examination of the character witness, the trial court did not inform the jury of its exact purpose nor did the court charge the jury as to the purpose of such questions. Defense counsel did not object to the omission of this explanation after the cross-examination of the witness, nor did the defense offer a jury charge explaining its purpose or object to the omission of a charge explaining the purpose of such questions.
As stated in State v. Johnson, a new basis for objection, albeit meritorious, cannot be raised for the first time on appeal. State v. Johnson, 389 So.2d 372, 377 (La.1980). Since the proper objections were not made at the trial court level, we cannot address the merits of this assignment of error. La.C.Cr.P. arts. 841, 851(2); State v. Johnson, 389 So.2d 372, 377 (La.1980).
ASSIGNMENT OF ERROR NO. 2
The issue presented by this assignment of error is whether the evidence presented is sufficient to support the jury’s finding of the essential elements of the crime of simple burglary of an inhabited dwelling, La.R.S. 14:62.2. A defendant has not been afforded due process unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d *367 560, 573 (1979); State v. Foy, 439 So.2d 433 (1983); State v. Johnson, 438 So.2d 1091 at 1102; State v. Graham, 422 So.2d 123, 129 (La.1982). In cases where an essential element of the crime is not proven by direct evidence, La.R.S. 15:438 provides a methodology for review of this evidence. See, State v. Johnson, 438 So.2d 1091 at 1103-1104; State v. Chism, 436 So.2d 464, 470 (La.1983); State v. Shapiro, 431 So.2d 372, 384 (La.1982) (on rehearing). This rule restrains the finder of fact in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. State v. Johnson, 438 So.2d 1091 at 1103; State v. Shapiro, supra.
The defendant contends the intent to permanently deprive the victim of his television set, an essential element of the crime of simple burglary of an inhabited dwelling, has not been proven. The crime of burglary requires specific intent on the part of the perpetrator. State v. Marcello, 385 So.2d 244, 245 (La.1980). Louisiana Revised Statute 14:10(1) defines specific criminal intent as “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act....”
The defendant maintains that the television set was found by the alleged victim in the room where it had originally been located. Therefore, according to the defendant’s argument, there is no evidence of intent to permanently deprive the victim of his property.
Intent may be proved by circumstantial evidence. La.R.S. 15:445. Circumstantial evidence consists of evidence of one fact, or a set of facts, from which the existence of the facts to be determined may reasonably be inferred. McCormick Law of Evidence, p. 435, (2d ed. 1972); State v. Chism, 436 So.2d 464, 468 (La.1983).
In addition to the assertion of witnesses as to what they have observed, circumstantial evidence involves a process of reasoning, or inference by which a conclusion is drawn. State v. Chism emphasizes that the “gist of circumstantial evidence, and the key to it, is the inference, or process of reasoning by which the conclusion is reached.” State v. Chism, 436 So.2d 464, 469 (La.1983). This process of reasoning, according to Chism, must be based on the evidence given, together with a sufficient background of human experience to justify the conclusion. State v. Chism further explains that before the ultimate question of whether a reasonable hypothesis of innocence exists in a criminal case based crucially on circumstantial evidence, a number of preliminary findings must be made. Circumstantial evidence must be assessed in light of the direct evidence, and vice versa. Additionally, the court must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference. State v. Chism, 436 So.2d 464, 469 (La.1983).
The record shows an eyewitness observed defendant receive a television set from a third person who was standing in the victim’s yard. The eyewitness testified the television set belonged to the victim. He also noticed that the victim’s bedroom window was broken. Shortly thereafter, he approached the third party, who was now standing in defendant’s driveway. The eyewitness admonished this third party. When the victim returned home later that afternoon, his television set was in the bedroom with the broken window, but it was not located in its usual place nor was it plugged in.
Despite the fact the television set was returned, the broken window, the television found in a different location in the bedroom, the victim’s declaration that he did not give the defendant permission to either enter his home or to take the television, the fact that an eyewitness viewed the *368 defendant and a third party exchange the television from the victim’s side of the fence to defendant in defendant’s yard, and the fact that the eyewitness admonished the third party that “what you are doing is wrong,” all lead to the reasonable inference that the television set was only returned when defendant became aware of the distinct probability of being called in to account for his actions and that he specifically intended to permanently deprive the victim of his television set. The contrary inference (drawn from the television being found in the bedroom) that the defendant only “borrowed” the television without an intent to permanently deprive the victim of the television, is contradicted by the broken bedroom window. Moreover, this inference is also contradicted by the eyewitness’s admonishing the third party. This admonishment was not met with any reassurance that the television set was only being “borrowed” at that time.
We conclude the evidence is sufficient to support an ultimate finding that the reasonable findings and inferences permitted by the evidence exclude every reasonable hypothesis of innocence. The State has proven every element of the offense of simple burglary of an inhabited dwelling beyond a reasonable doubt. Therefore, this court finds the trial court did not commit reversible error by denying defendant’s motion for a new trial.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.