NORRIS, Judge.
Chester L. Nash, a thirty year old man, was charged by bill of information with aggravated crime against nature, LSA-R.S. 14:89.1, and attempted aggravated rape, LSA-R.S. 14:27 and LSA-R.S. 14:42. After a jury trial Nash was found guilty of both charges. He was sentenced to 15 years at hard labor without benefit of probation, parole or suspension of sentence on the aggravated crime against nature conviction and to 30 years imprisonment at hard labor on the attempted aggravated rape conviction, with the sentences ordered to run concurrently. Defendant appeals, with two assignments of error:
(1) The trial court erred in finding that Towanna Gladney was competent to testify under LSA-R.S. 15:469.
(2) The court erred in denying defendant’s motion for new trial and motion for post-verdict judgment of acquittal. Defendant contends that the evidence does not support a finding of guilt when viewed in the light most favorable to the prosecution.
Finding that both claims are without merit, we affirm.
On September 1, 1984, Henry Odum, Josephine Gladney and her four children were attempting to rent a room at the Session Levingston Motel in Shreveport. They needed a driver’s license to obtain a room, so Henry Odum went to find someone to help them. Defendant, in his two statements to Detective Wyche, said that he was approached by an unknown black male who offered him $20 for the use of his driver’s license in order to rent a motel room. Nash agreed to the arrangement and accompanied Odum back to the motel. After Gladney had settled the children in the motel room, she and Odum, accompanied *1331 by Nash, left the room to get the children something to eat. Gladney and Odum were gone for approximately one hour. Nash separated from the other two adults and returned to the room where Towanna Glad-ney, a nine year old girl, was alone with her younger siblings. Towanna testified that Nash came into the room and told her to go to the store with him-so they could get some potato chips and cookies for the children. Nash then forced her into the bathroom, where his fingerprints were found, and ordered her to take off her clothes. When she asked him why, he knocked her into the bathtub. When she had removed her clothes, he sat her on the sink and attempted to have vaginal intercourse with her, after first lubricating both their genitals. Towanna said, and the evidence supports, that Nash was unable to achieve penetration. In earlier statements, Towanna had indicated that he had then attempted anal intercourse, but she did not mention this at trial. He performed oral sex on Towanna, then placed her on the toilet seat and forced her to perform oral sex on him. Towanna testified that he stopped when he heard Josephine Gladney and Henry Odum calling for Towanna and attempting to enter the room. After admonishing her not to tell anyone what had happened, he left the bathroom and opened the motel door for Gladney and Odum. Towanna dressed, spitting the substance in her mouth in the commode and on its seat. Analysis of the fluid found on the toilet seat showed that it was consistent with Towanna’s blood type and saliva.
Upon entering the room, Towanna’s mother found her in tears and questioned her about what was wrong. When Glad-ney was told what had happened she called the police, who took Towanna and her mother to the LSU Medical School Hospital where Towanna was given a rape examination. The doctor testified that he found no evidence of penetration, but that on the outside of Towanna’s hymenal ring there were two areas of hyperemia or abrasion, which could have been caused by attempted intercourse.
Both Towanna and her mother picked Nash out of a photographic line-up. Police discovered Nash’s fingerprints on the bathroom sink, though in his statements to the police Nash denied ever having entered the bathroom.
ERROR NO. 1
In the first assignment of error defendant challenges the trial court’s finding that Towanna, a nine year old, was competent to testify. The competency of witnesses under the age of twelve is governed by LSA-R.S. 15:469:
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness.
The defense protests that Towanna should not have been allowed to testify because of her age, alleging that she lacked the necessary understanding.
The age of the witness is not the essential factor, but rather his understanding.[1] State v. Humphrey, 412 So.2d *1332 507 (La.1982); State v. Skipper, 387 So.2d 592 (La.1980); State v. Foy, 439 So.2d 433 (La.1983). The trial court is given wide discretion in determining who is competent to testify. On appeal his judgment is given great weight because he was able to hear the witness testifying and observe his demeanor on the stand. State v. Foy, supra; State v. Humphrey, supra; State v. Nails, 255 La. 1070, 234 So.2d 184 (1970).
The trial judge, defense counsel, and the district attorney properly examined Towanna out of the presence of the jury. During this out of court examination, To-wanna was able to answer questions about her age, the school she went to, her teachers, and with whom she lived. She testified that she made good grades in school. She said that she went to church and she knew what the oath meant. She understood what the truth was — that it meant you “don’t tell a story.” She knew the difference between the truth and a story, and that she would be punished if she told a lie.
Towanna may not have had a clear understanding of her role in the American judicial system, and the importance of trials within that system, but she did understand that she was there to answer questions, and that she must tell the truth while doing so.
On the stand Towanna proved capable of relating the events that happened on September 1, 1984 in a clear, sequential manner, and was corroborated by other evidence and testimony. She was able, using childish language, to describe what the defendant had done to her. Towanna said that no one had told her what to say at trial, and there was nothing in the record to show that she had been coached by anyone.
There is no showing that the trial judge abused his great discretion by allowing To-wanna to testify.
ERROR NO. 2
In the second assignment of error, defendant alleges that the trial court erred in denying defendant’s motion for new trial and his motion for post-verdict judgment of acquittal. In his brief the defendant argues only the grounds for a motion of post verdict judgment of acquittal — that the evidence when viewed in the light most favorable to the prosecution does not reasonably support a guilty verdict. However, we note that defendant based his motion for a new trial on LSA-C.Cr.P. art. 851(5).[2] Where the defendant’s motion for new trial rests on art. 851(5), the trial court’s decision to grant or deny a new trial is not subject to appellate review. State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.1984), writ denied 449 So.2d 1345 (La.1984). However, defendant’s other allegation, that his motion for a post-verdict judgment of acquittal should have been granted, is ap-pealable. LSA-C.Cr.P. art. 821.
Nash’s motion for a post verdict judgment of acquittal calls into question the legal sufficiency of the evidence. The Louisiana Supreme Court said in State v. Captville, 448 So.2d 676 (La.1984), that the test of Jackson v. Virginia, 443 U.S. 307, 99 *1333 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is used to determine the sufficiency of evidence. This standard, authorized by article 821, requires appellate courts to determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all the elements of the crime had been proved beyond a reasonable doubt. Conflicts in evidence are resolved by viewing the evidence in the light most favorable to the prosecution.
Here there was no evidence presented that would contradict the victim’s testimony. The defendant’s fingerprints were found in the bathroom where Towanna said the assault took place. A medical examination found abrasions on Towanna’s genital area that could have been caused by the attempted intercourse. There was no seminal fluid in the substance found on the toilet seat; however, emission is not an element of either of the crimes with which he was charged. Nash argues that the absence of seminal fluid contradicts Josephine Gladney’s testimony that immediately after the offense Towanna indicated that Nash had climaxed. Rather, lack of ejaculation is consistent with Towanna’s testimony in court that the fellation was interrupted by the arrival of Towanna’s mother and Henry Odum. Towanna’s direct testimony about the attempted rape and the unnatural carnal copulation he forced her to perform, supported by the other corroborative evidence, is sufficient to convict Nash. Apparently the jury believed Towanna’s testimony, and that determination should not be disturbed by this court. Witness credibility is not within the scope of appellate review. State v. Manuel, 486 So.2d 988 (La.App. 2d Cir.1986).
We cannot say that there was insufficient evidence to support the verdict, or that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt.
Both assignments of error being without merit, we affirm defendant’s conviction.
CONVICTION AFFIRMED.

. A survey of some recent jurisprudence reveals that children younger than Towanna have been allowed to testify and indicates the level of understanding deemed sufficient. An eight year old, who was six at the time of the crime, was allowed to testify when she was able to answer questions about her school, church, and the difference between telling the truth and telling stories, even though, like Towanna, the child gave somewhat equivocal answers on what would happen if she lied. State v. Foy, 439 So.2d 433 (La.1983).
In State v. Skipper, 387 So.2d 592 (La.1980) a seven year old was allowed to testify when he an'swered yes upon being asked if he knew the difference between the truth and a lie, and why he was in court. Like Towanna, he was able to answer questions about who had brought him to court, and if anyone had told him what to say. The five year old brother, the victim, was also judged competent to testify after answering yes, that he understood why he was in court and that he had to tell the truth about what had happened.
*1332 The Louisiana Supreme Court has ruled that it was not improper to allow a seven year old boy to testify in a case of armed robbery, when the child said that he went to church regularly, was God-fearing, and knew that he had to tell the truth. The child understood that he was in court to answer questions about the robbery, and was a good witness. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970).
A child who was seven at the time of the crime and nine at trial was affirmed as competent to testify after being tested for understanding of the oath, the purpose of the trial, and ability to recall. The somewhat hesitant answers do not result in a child’s being judged incompetent. State v. Humphrey, 412 So.2d 507 (La.1982).
It has also been held sufficient for an eight year old to understand the oath, to know what it meant to lie, and to realize that she would be punished if she lied. State v. Francis, 337 So.2d 487 (La.1976).

. He was alleging that the ends of justice would be served by granting a new trial, even though he was not entitled to a new trial as a matter of right.