KLIEBERT, Judge.
The defendant, Darrell J. Adams, was convicted of possession of marijuana, in violation of LSA-R.S. 40:966 C and was ordered to pay a fine of $250.00 plus court *966 costs or, in default thereof, to serve thirty days in parish jail. Defendant’s application for a writ of review was granted and the case was lodged on the docket of this court pursuant to established appellate procedure. Defendant contends the evidence submitted in support of the conviction is legally insufficient. We agree. Accordingly, the defendant’s conviction and sentence are reversed.
Detective Sanders Harris and Deputy Jonathon Warner of the St. James Parish Sheriff’s Office executed an arrest warrant against Darrell Adams during daylight hours on August 21, 1987. After performing a pat-down search, Adams’ hands were handcuffed behind his back. He was transported in Deputy Warner’s car to the Vach-erie Knights of Columbus home, where they met Deputy Albert Rager. Adams was then transported by Deputy Rager, in Rager’s vehicle, to the Sunshine Bridge. While under way Adams lay down on the back seat and squirmed around. When questioned, Adams informed Rager the handcuffs were hurting his wrists. Rager did not release the handcuffs. Upon arriving at the Sunshine Bridge Rager transferred custody of Adams to a third deputy who transported Adams to the parish jail in Convent, La.
According to Rager’s testimony, pursuant to departmental policy, after transporting Adams in his car he removed the back seat to search for weapons and contraband. He found the butt of a handrolled cigarette, one-quarter to one-half inch long. Deputy Rager testified he had not noticed the butt when he searched the unit at 5:30 A.M. that morning. He further stated Adams was the only person who had been in the back seat that day. Deputy Rager brought the butt to the courthouse and entered it into the evidence log. Testing by the state policy crime laboratory revealed that the cigarette butt contained marijuana. At trial Adams denied that the cigarette butt was his.
The only evidence presented by the state to prove Adams had actual or constructive possession of the marijuana was the testimony of Deputy Rager. The defendant contends the state failed to prove he had possession of the marijuana, an essential element of the crime charged, and therefore his conviction is in error.
We note that the state’s evidence was all circumstantial; accordingly, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Robinson, 441 So.2d 364 (5th Cir.1983).
Given the dim light in which the original inspection of the car took place (5:30 A.M.), the minute size of the cigarette butt, the fact Adams’ hands were handcuffed behind his back during the time he occupied Rag-er’s car, and the prior (albeit precursory) search of Adams’ person, even upon viewing the evidence in the light most favorable to the prosecution, we cannot say the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the possession of marijuana.[1] The possibility the cigarette butt was in the car before Adams was transported and was overlooked by Deputy Rager in his original search, or that someone other than Adams (not necessarily Rager) had left the cigarette in the car, is simply too great to convict Adams. The state, therefore, has not proven the essential elements of the crime charged. Accordingly, the conviction and sentence are reversed and the defendant is ordered discharged.[2]
*967 CONVICTION AND SENTENCE REVERSED; DEFENDANT ORDERED DISCHARGED.

. Appellate review of the sufficiency of evidence is controlled by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As explained in State v. Captville, 448 So.2d 676, 678 (La.1984):
"An appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime.”

. The double jeopardy clause of the Fifth Amendment to the Constitution of the United States bars retrial. State v. Hoffer, 420 So.2d 1090 (La.1982).