JjDUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Michael Wallis, with possession of cocaine, in violation of LSA-R.S. 40:967 C. After entering a not guilty plea, defendant filed several pre-trial motions, including two motions to quash the bill of information. The first motion to quash challenged the trial court’s jurisdiction to hear the case. The second motion to quash challenged the time period for prosecution. The trial judge, after a hearing, denied both motions to quash. Thereafter, defendant withdrew his former plea of not guilty and entered a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the denial of the motions to quash. The trial judge then sentenced defendant to imprisonment at hard labor for two and one-half years.
| {.The state subsequently filed a bill of information seeking to have defendant adjudicated and sentenced as a second felony offender, pursuant to the provisions of LSA-R.S. 15:529.1. After the court advised defendant of his rights, he admitted to the allegations of the multiple bill. The judge then vacated the prior sentence and sentenced defendant, as a second felony offender, to imprisonment at hard labor for two and one-half years. Defendant now appeals asserting as error the denial of his motion to quash the bill of information which was based on the trial court’s lack of jurisdiction to hear the case.

FACTS

The facts are those contained in the arrest report, which was admitted into evidence at the hearing on the motion to quash the bill of information. On January 14, 1999, at about 4:10 a.m., Sergeant Rogers of the Gretna Police Department observed defendant commit a traffic violation in Jefferson Parish. Specifically, he observed the subject, in a blue and wood-paneled Dodge Caravan, stop on Whitney Avenue, back up, turn around, and travel the wrong way on Whitney Avenue towards Orleans Parish. Sergeant Rogers followed the vehicle and activated his overhead lights and sirens in order to stop the driver. The driver, subsequently identified as defendant, refused to stop. Officer Rogers continued his pursuit of this vehicle into Orleans Parish. Sergeant Rogers then observed the vehicle weave from shoulder to shoulder while traveling at a high rate of speed. Upon seeing this, Sergeant Rogers turned off his lights and sirens, but continued to follow the vehicle. The defendant crossed the intersection of *1084 Hermosa and Mardi Gras Boulevard, disregarded a stop sign and almost struck a transit bus. Sergeant Rogers slowed to a safe IsSpeed, while keeping the vehicle in sight. The defendant was approximately two blocks ahead, when he stopped his vehicle in the 1400 block of Hermosa in Orleans Parish and began running on foot. Sergeant Rogers called for assistance, and Officer Zemlik, one of the responding officers, was successful in apprehending defendant when he tired from running. Upon apprehension, defendant stated that he ran from the officers because he was on probation for possession of cocaine. Officer Zemlik observed a rock-like white substance in the corner of defendant’s mouth. The substance, which was removed and handed to Officer Zemlik, field-tested positive for cocaine.

DENIAL OF MOTION TO QUASH

On appeal defendant contends that the trial court erred in denying his motion to quash on the basis of improper venue. Defendant reasons that, since he was found in possession of cocaine in Orleans Parish, the trial court should have found venue was proper in Orleans Parish, not Jefferson.
Louisiana Constitution, Article 1, Section 16 provides, in pertinent part, as follows:
Section 16. Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed, in accordance with law....
Venue in this case is controlled by LSA-C.Cr.P. arts. 611 and 612, which provide, in pertinent part, as follows:
LSA-C.Cr.P. art. 611. Venue; trial where offense committed.
UA11 trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred. LSA-C.Cr.P. art. 612. Offenses on railway trains, vessel, aircraft, or other vehicle.
If an offense is committed on a train, vessel, aircraft, or other public or private vehicle while in transit in this state and the exact place of the offense in this state cannot be established, the offense is deemed to have been committed in any parish through or over which the train, vessel, aircraft or other vehicle passed, and in which the crime could have been committed.
Improper venue shall be raised in advance of trial by a motion to quash, and shall be tried by the judge alone. LSA-C.Cr.P. art. 615. Venue is a question of fact, and a jurisdictional matter that shall be proven by the state, by a preponderance of the evidence, in advance of trial. LSA-C.Cr.P. art. 615; State v. Skipper, 387 So.2d 592 (La.1980); State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95. See also State v. Banks, 96-652 (La.App. 5 Cir. 1/15/97), 694 So.2d 401.
In the trial court, defendant attacked the court’s jurisdiction in a pre-trial motion to quash. The matter was submitted to the court on the basis of the facts contained in the police report and the arguments of counsel. At the hearing on the motion to quash, defendant argued that venue was proper in Orleans and not Jefferson. He reasoned that defendant was taken into custody in Algiers and at this point drugs were found in his possession. Further defendant placed a great deal of significance on the fact that, during the pursuit, the officer silenced his sirens, *1085 turned off his lights and slowed his vehicle. The state countered that the criminal act was a continuing one that transported itself from Jefferson Parish to | ¡^Orleans Parish and therefore jurisdiction was proper in either venue. Moreover, the state pointed out the fact that the officer never gave up chasing defendant but rather modified his actions during the pursuit for safety reasons.
The trial court denied the motion over the objection of defendant, for the following stated reasons:
It’s noted for all the reasons that the State argued and also I take note that there’s really any — Any—If there was any lack of break in his constant surveillance of the defendant and vehicle the defendant was in it was — It was insignificant based on the police report and that’s submitted to me. And the defendant also admitted the reason that he ran was he was on probation for possession of Cocaine and I think it’s reasonable that the officer slowed down. I mean if he would have maintained the speed that he did and he would have hit somebody then he’d be sued and somebody would be in here claiming, or in some courtroom claiming, that it was totally unreasonable. So, now that he did the reasonable thing I’m not going to hold that against him just because he slowed down. And from all indications and this is only several blocks into Orleans parish. And from all indications there was just no reason to believe that this was anything other than a hot pursuit, so I’m denying the motion.
The record fully supports the reasons expressed by the trial judge in denying the motion to quash. The officer was in hot pursuit of defendant from Jefferson Parish into Orleans Parish. The officer had defendant in constant view throughout and defendant remained in his vehicle the entire time. Thus, if the defendant was found in possession of the controlled substance upon being stopped in Orleans, he apparently had it in his possession while he was in his vehicle in Jefferson. As such, venue was proper in either Jefferson or Orleans Parish. Accordingly, we find no error in the trial court’s denial of defendant’s motion to quash.

\ ¿ERROR PATENT REVIEW

On appeal, defendant also requests that we review the record for errors patent pursuant to LSA-C.Cr.P. art. 920. We have conducted such a review and have found no such errors.
For the reasons set forth herein, we find no error in the trial court’s denial of defendant’s motion to quash and hereby affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.