J^LEON A. CANNIZZARO, JR., Judge.
On an application for post conviction relief, the trial court granted the defendant, Silvio Deutor, a new appeal. Thus, this matter is before this Court for the second time.
*440 The defendant was charged by bill of information on November 10, 1993, with two counts of attempted first-degree murder, violations of La. R.S. 14:27(30).[1] Count one involved the attempted murder of Ashley Annunciation and count two involved the attempted murder of Anita Annunciation. At his arraignment, the defendant pled not guilty: Following a two day trial on August 9th and 10th of 1995, the jury found him not guilty as to count one regarding Ashley Annunciation and guilty as to count two of the lesser charge of attempted second degree murder concerning Anita Annunciation. In reading the jury’s verdict, however, the trial court stated, “as to count one” the verdict was “guilty of attempted second degree murder. And they have in parenthesis, regarding Anita, closed parenthesis.” The trial court continued, “as to count two,” the jury rendered a verdict of “not guilty, regarding again, and this is in parenthesis, Ashley.”[2] Following a hearing pursuant to the habitual offender law, the defendant was adjudicated a third felony offender and sentenced to forty years at hard labor | awithout the benefit of parole, probation or suspension of sentence. Subsequently, the defendant appealed his conviction and sentence.
In the first appeal, this Court, in an unpublished opinion affirming the defendant’s conviction and sentence, erroneously stated that the defendant was found guilty of attempted “first” degree murder on the count involving Ashley Annunciation (count one) and acquitted on the count involving Anita Annunciation (count two). See State v. Deutor, 98-1114 (La.App. 4 Cir. 2/2/00) 761 So.2d 820, writ den. 787 So.2d 1007 (La.3/23/01). As previously stated, however, the jury verdict sheet indicates that the defendant was acquitted on the count involving Ashley Annunciation. Also the minute entry reveals that the jury convicted the defendant on count one for attempted second degree murder and acquitted him as to count two. Due to misconstruing the jury’s verdict, the trial court erroneously sentenced the defendant on count one instead of count two.
On March 4, 2002, the trial court granted the defendant’s pro se application for post conviction relief and appointed counsel to assist him. Furthermore, the trial court amended the minute entry of August 10, 1995, to reflect that the defendant was convicted on count two of the bill of information, which relates to Anita Annunciation, and not count one, which relates to Ashley Annunciation. Since the defendant’s appeal to this Court was premised incorrectly on the assumption that the defendant was convicted on count one, the trial court ordered that the defendant be granted a new appeal based upon the correct identification of count two as the basis of the conviction. The defendant now urges this appeal.
I ¿STATEMENT OF FACTS
During the early morning hours of September 27, 1993, Silvio Deutor, the defendant herein, entered the bedroom of his apartment located at 10204 Plainfield Street where his “common law” wife, Ani *441 ta, and her four year old daughter, Ashley, were sleeping. He woke Anita and asked her to go outside with him. She refused and he began raising his voice. Ashley was awakened by the disturbance.
The two adults then went into the living room and argued. Anita returned to the bedroom, packed a suitcase, and she and Ashley went outside. Anita planned to call a taxicab to take them to her grandmother’s house. The defendant came outside and told them to come back into the house. When they went inside, the defendant resumed the argument. Anita, fearing the defendant, took Ashley into the bathroom, locking the door behind them. The defendant, in a rage, kicked the door open and then brandished a gun. He pushed them both onto the bed. He then pointed the gun at Ashley and shot her. Thereafter, the defendant repeatedly shot Anita, striking her six times. He stopped only after emptying his gun of its bullets. Despite this Anita was able to leave the apartment in an effort to find help. She called 911 from a pay phone and then returned to the apartment out of concern for Ashley whom she found lying lifelessly in the bedroom.
After New Orleans Police Officer Harry Parker was dispatched to the scene, he observed the two victims being transported by ambulance. The defendant was standing outside the apartment, which appeared to have been ransacked. The defendant told Officer Parker that someone had burglarized his residence. Officer Parker later learned, as a result of Anita informing medical personnel at the hospital, that the defendant was responsible for the shooting. Officer Parker then arrested the defendant. A search of the apartment s exterior produced a .38 caliber ]Kgun. A background check revealed that the defendant had prior convictions for possession of cocaine and for being a convicted felon in possession of a firearm.
ERRORS PATENT
In the defendant’s first appeal, this Court erred in finding no errors patent. A second review of the record for errors patent reveals one. The defendant was sentenced immediately after the trial court’s denial of his motion for a new trial. La.C.Cr.P. art. 878 mandates a twenty-four hour delay between the denial of such motions and the imposition of sentence, unless the defendant waives such delay. In this case, defense counsel acquiesced in the immediate imposition of sentence, thereby waiving the twenty-four hour waiting period. State v. Banks, 2000-0525 (La.App. 4 Cir. 10/17/01), 800 So.2d 28, writ den. 2001-3103 (La.9/30/02), 825 So.2d 1189.
ASSIGNMENTS OF ERROR
The defendant raises three assignments of error in his second appeal. In deference to the trial judge who granted this appeal, this Court will consider the defendant’s first and second assignments of error, which were not raised in the earlier appeal. His third assignment of error, regarding the trial court’s failure to grant a mistrial based on the inadmissibility of other crimes evidence, was raised in the first appeal. Having found no merit to the claim in the earlier appeal, this Court will not reconsider that issue.
|BIn the first assignment of error, the defendant argues that the trial court violated La.C.Cr.P. art. 831(4)[3] and imper- *442 missibly excluded him from the hearing to determine six-year old Ashley Annunciation’s competency to testify at trial.
The defendant is mistaken as to his exclusion from the competency hearing. The record clearly indicates that the defendant was present for the hearing. On page 65 of volume 4 of the record, the trial judge noted:
... This is for the record. The defendant is objecting to the fact that the witness is present now. And, for the record, we are in open court in this matter now. However, the jury has been removed. The defendant is, in fact, present in open court. The witness is also, of course, with us now. And she’s on the witness stand ... [Emphasis added.]
This assignment is without merit.
The defendant argues in his second assignment of error that the district court erred in finding six-year old Ashley Annunciation competent to testify.
La. C.E. art. 601 provides: “Every person of proper understanding is competent to be a witness except as otherwise provided by legislation.” Understanding, not age, is the test of whether any person shall be sworn as a witness. State v. Linson, 94-0061 (La.App. 1 Cir. 4/7/95), 654 So.2d 440; State v. Troulliet, 94-183 (La.App. 5 Cir. 9/14/94), 643 So.2d 1267. A key determination to be made is whether the witness is able to understand the difference between truth and falsehoods. State v. Troulliet, supra. Determination that a child is |7competent to testify as a witness is based not only on the child’s answers to questions testing his understanding but also in the child’s overall demeanor. State v. Bennett, 591 So.2d 1193 (La.App. 1 Cir.1991).
The trial court is vested with wide discretion in determining the competency of child witnesses. Its ruling as to competency is entitled to great weight on appeal, and will not be disturbed absent manifest abuse of discretion. State v. Foy, 439 So.2d 433 (La.1983); State v. Troulliet, supra.
Before allowing Ashley Annunciation to testify, the trial judge questioned the child out of the jury’s presence. Ashley correctly stated her age, date of birth, grade in school, school attended, and her teacher’s name. At the judge’s request, she correctly spelled and wrote her name. Although she hesitated, and denied knowing the difference between the truth and a lie, she ably remonstrated the judge when he purposely misidentified the color of her dress, telling him that if he said her pink dress was blue, “It would be a lie.” A child’s sometimes hesitant or unresponsive answers do not necessarily indicate incompetency. Instead, they may be part of an overall demeanor in the unfamiliar courtroom experience, which favorably reflects testimony only as to what is clear to the child. State v. Foy, supra. See also State v. Sharp, 338 So.2d 654 (La.1976), in which the defendant asserted that the murder victim’s eight-year-old son was not competent to testify. The Supreme Court stated that, reviewing the child’s testimony in its entirety, it was clear that the child had sufficient understanding to be a witness. Although the witness had stated that he did not know what an oath was or what would happen if he told a lie, “it was evident that he was simply unfamiliar with the courtroom experience.” Id. at 661.
|sIn this case, a review of Ashley’s testimony, as a whole, demonstrates that she had sufficient understanding to be deemed a competent witness. Although she had difficulty with abstract questions about telling the truth and lying, the victim was able to understand more specific questions applying those concepts. Additionally, the *443 courtroom experience was apparently somewhat stressful for this young child, as reflected by her fear and inability to look at the defendant when requested to do so by the prosecutor. The trial judge, who had the benefit of observing the child’s demeanor, did not abuse his discretion by concluding that Ashley Annunciation was a competent witness. This assignment is without merit.
Accordingly, for the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Count three of the bill of information charged the defendant with being a convicted felon in possession of a firearm, a violation of La. R.S. 14:95.1. The case proceeded to trial on counts one and two of the bill of information only.

. The jury's handwritten verdict sheets, which are in the record, do not contain the words "counl one” or "count two.” In handing the verdict sheets over to the trial judge, the two sheets apparently were transposed. Thus, the trial judge read the guilty verdict as to the attempted second degree murder of Anita Annunciation as count one and the not guilty verdict as to the attempted first degree murder of Ashley Annunciation as count two.

. La.C.Cr.P. art. 831 provides in part:
A. Except as may be provided by local rules of court in accordance with Articles 522 and 551, a defendant charged with a felony shall be present:
[[Image here]]
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence.